UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD GREGORY,<br><br>  Plaintiff(s),<br><br>  v.<br><br>CITY OF JERSEY CITY, POLICE OFFICER BRYANT ROWAN, JR., Individually and in his official capacity as an Officer with the Jersey City Police Department; POLICE OFFICER J. GALARZA, Individually and in his official capacity as an Officer with the Jersey City Police Department, JOHN DOES 1-10 (fictitious names), Individually and in his/her official capacity as a Police Officer for the Jersey City Police Department; ABC CORPORATIONS 1-10 (fictitious names)<br><br>  Defendants. | Civil Case No.:<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff, residing in Jersey City, New Jersey, complaining of the Defendants, says:

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has supplemental jurisdiction over the state law causes of action under 28 U.S.C. § 1367(a).

2. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) because the events/omissions giving rise to these causes of action all occurred in the District of New Jersey.

## PARTIES

3. Plaintiff was at all material times a resident of Hudson County, New Jersey.

4. Defendant Officers Bryant Rowan ("Rowan") and J. Galarza ("Galarza") at all times in the relevant time period, were duly appointed Officers of the Jersey City Police Department acting under color of law and pursuant to their duties as officers/agents for Jersey City. Defendants Rowan and Galarza are being sued individually and in their official capacities.

5. The City of Jersey City ("Jersey City") is a municipal corporation and a public employer of the individual Defendants. The Jersey City Police Department ("JCPD"), which is administrative arm of Jersey City is and was, at all times in the relevant time period, a division and/or department of Jersey City entrusted with, among other things, enforcing federal, state and local laws and ordinances, and otherwise ensuring the safety of people and property within the jurisdictional limits of Jersey City. Due to the JCPD being an administrative arm of Jersey City as a matter of law only Jersey City is sued herein for their acts and omissions and for those committed by the JCPD.

6. Defendants John Does 1-10, are presently unknown police officers, employees, agents and/or representatives of Jersey City and/or Jersey City Police Department or other unknown individuals whose unlawful actions are described,

referenced and/or set forth herein. All are being sued individually and in their official capacities.

7. Defendants ABC Corporations are presently unknown business entities whose unlawful actions are described, referenced and/or set forth herein.

8. Plaintiff has duly complied with all notice requirements including the timely filing of a Tort Claims Notice at least six (6) months before commencing this action.

## FACTS COMMON TO ALL CLAIMS

9. On or about May 5, 2020, Plaintiff was in Jersey City when he was attacked by several officers from JCPD, including the Defendants Officers, without any warning, instruction, justification or cause.

10. Defendant Rowan, while on duty and in uniform, took out his baton and repeatably and with significant force struck Plaintiff Ronald Gregory about the body for no legitimate reason causing Plaintiff significant and severe emotion and physical injuries.

11. Each time Defendant Rowan struck Plaintiff, a loud thud could be heard from many feet away as a result of the impact of Rowan's baton upon Plaintiff's body.

12. At or about the time that Defendant Rowan was striking Plaintiff, Defendant Officer John Doe approached Plaintiff as he withered in pain on the ground and began to spray Plaintiff in the face with pepper spray.

13. As Plaintiff remained on the ground withering in pain, Defendant Officer John Doe continued to employ pepper spray into Plaintiff's face on several different occasions without justification or cause.

14. Defendant Officer John Doe would walk away and then walk back and use more pepper spray upon Plaintiff.

15. None of the other officers in the vicinity did anything to stop Defendants wholly improper conduct.

16. Despite Plaintiff being beat by Defendant Rowan with a baton as Defendant Officer John Doe repeatedly deployed pepper spray into Plaintiff's face, none of the officers in the vicinity offered any aid to Plaintiff.

17. In order to cover up their misdeed, Defendants arrested Plaintiff on false and frivolous charges.

18. Defendant Galarza, in concert with the other Defendants, swore out a false complaint charging Plaintiff with a crime.

19. Plaintiff was forced to retain an attorney to fight the frivolous charges.

20. The frivolous charges against Plaintiff were dismissed.

21. As a result of Defendants' conduct, Plaintiff suffered severe, significant, and permeant physical and psychological injuries.

22. Plaintiff continues to treat and suffer from his injuries.

## FIRST COUNT
Excessive Force
Fourth and Fourteenth Amendment of United States Constitution, 42 U.S.C. § 1983 &
New Jersey Civil Rights Act New Jersey Constitution N.J.S.A. § 10:6-2 *et seq.*

23. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

24. During the course of the detention and/or arrest of Plaintiff, Defendants intentionally and/or recklessly used unreasonable and/or excessive force on Plaintiff, thereby depriving Plaintiff of his right to be free from the use of unreasonable force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983, the Constitution of the State of New Jersey and the Law of the State of New Jersey including, but not limited to, the New Jersey Civil Rights Act.

25. Plaintiff was seized under the Fourth Amendment and under the totality of the circumstances the Defendant(s)' actions were not objectively reasonable, given that Defendant(s) intentionally struck Plaintiff with a baton and intermittingly pepper prayed him, then arrested him for false charges.

26. There was no justification for the use of force, or any force for that matter, and such use of force was unnecessary and unwarranted.

27. The conduct of the Defendant(s) occurred while they were acting under color of law and in their official capacities.

28. All of the actions and/or omissions described above were undertaken in a willful and malicious manner with an immoral purpose to injure and/or cause harm to Plaintiff. Defendant(s) are, therefore, liable to Plaintiff for punitive and compensatory damages.

29. As a direct and proximate result of Defendant(s)' acts and/or omissions, Plaintiff suffered physical and mental anguish and injury all to his great detriment.

SECOND COUNT
Unlawful Search Seizure
Fourth and Fourteenth Amendment of United States Constitution, 42 U.S.C. § 1983 &
New Jersey Civil Rights Act New Jersey Constitution N.J.S.A. § 10:6-2 *et seq.*

30. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31. Defendants' actions constituted an unlawful search and seizure of the Plaintiff.

32. Plaintiff was arrested, seized, and had force used upon him in violation of the law, and said actions were no authorized or privileged under the law.

33. Plaintiff was also searched by the Defendants despite no probable cause or any other legal right to do so.

34. Plaintiff did not consent to these actions and objected to same.

35. All of the actions and/or omissions described above were undertaken in a willful and malicious manner with an immoral purpose to injure and/or cause harm to Plaintiff. Defendant(s) are, therefore, liable to Plaintiff for punitive and compensatory damages.

36. As a direct and proximate result of Defendant(s)' acts and/or omissions, Plaintiff suffered physical and mental anguish and injury all to his great detriment.

THIRD COUNT
False Arrest, Unlawful Arrest, False Imprisonment
Fourth and Fourteenth Amendment of United States Constitution, 42 U.S.C. § 1983 &
New Jersey Civil Rights Act New Jersey Constitution N.J.S.A. § 10:6-2 *et seq.*

37. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38. Plaintiff was arrested and subject to false charges without his consent and in violation of the law.

39. Plaintiff was conscious of his confinement and did not consent to same.

40. Plaintiff was prosecuted and place through the judicial system for no legitimate reason.

41. All of the actions and/or omissions described above were undertaken in a willful and malicious manner with an immoral purpose to injure and/or cause harm to Plaintiff. Defendant(s) are, therefore, liable to Plaintiff for punitive and compensatory damages.

42. As a direct and proximate result of Defendant(s)' acts and/or omissions, Plaintiff suffered physical and mental anguish and injury all to his great detriment.

## FOURTH COUNT
## Municipal Liability
*Monell*, NJCRA, Negligent Supervision, Retention, Training and Municipal Liability
42 U.S.C. § 1983 & New Jersey Civil Rights Act New Jersey Constitution N.J.S.A. § 10:6-2 *et seq.*, New Jersey State and Federal Law, New Jersey Common Law

43. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

44. At all relevant times, Defendant, Jersey City by and through the JCPD, were the employer of the individual Defendants and the individual Defendants were acting as their agents, servants and employees and Jersey City is liable for its agents, servants and employees.

45. The individual defendants were both acting within the scope and duty of their employment.

46. Jersey City by and through their administrative arm of the JCPD, failed to use reasonable care in the selection of its employees, and/or servants, failed to properly train and/or supervise the individual Defendants, and failed to provide the appropriate safeguards to prevent the assault, use of excessive force, and violation of the rights of Plaintiff.

47. Indeed, Defendant Rowan was initially removed by Jersey City from the New Jersey Civil Service police officer eligibility list due to his unsatisfactory history.

48. Defendant Rowan appealed that removal. In a published opinion, New Jersey Civil Service Commission upheld his removal from the police officer eligibility list due to his background.

49. New Jersey Civil Service Commission found that Defendant Rowan's criminal record and other indiscretions rightly precluded him from being a police officer.

50. The New Jersey Civil Service Commission specifically noted that Defendant Rowan (1) was arrested when he was 14 for which the charges were diverted; (2) failed to disclose a fight when he was 17 and called into the police station for questioning; (3) was charged with disorderly conduct when he was 20 years old for driving over power lines while departing the scene of a verbal domestic dispute; (4) was charged with simple assault when he was 24 years old, a case that was eventually mediated and dismissed, for threatening a female he was eating with and then exchanging words with the female's boyfriend before punching the boyfriend in the face; and (5) received six motor vehicle summons and was involved in four motor vehicle accidents.

51. The New Jersey Civil Service Commission decision regarding Defendant Rowan can be found here: https://www.nj.gov/csc/about/meetings/decisions/pdf/2016/11-23-16/B-048.pdf, or by a simple google search of Defendant Rowan's name.

52. Despite the fact that the New Jersey Civil Service Commission agreed that Defendant Rowan's background disqualified him from being a police officer, Jersey City inexplicably hired him as a police officer.

53. The predictable result of Defendant Jersey City's actions is the unlawful use of force upon the Plaintiff.

54. Jersey City also failed to train its officers in use of force so as to prevent the Defendant officers from assaulting Plaintiff and applying excessive force against the Plaintiff. They also failed to train their officers to not assault a defenseless person, such as the Plaintiff or employ a use of force continuum so as to prevent such a horrific attack and substantial injuries.

55. Jersey City also failed to train their officers regarding the use of pepper spray while the Plaintiff lay defenseless on the floor.

56. Jersey City also failed to train its officers regarding the appropriate use of force, where two officers are using unnecessary force at the same time without giving any instructions to the subject or giving him an opportunity to comply, as they did in this case.

57. This is unfortunately not the first time JCPD officers have used force in this unlawful manner.

58. Jersey City police officer have been using unlawful force unabated for years.

59. Indeed, the DNJ's court docket is littered with excessive force and other claims against Jersey City police officers.

60. Despite being placed on notice, Defendant Jersey City failed to take steps to mitigate and interdict such troubling conduct.

61. Upon information and belief, the Defendant officers herein were subject to several force complaints and investigation that required they be the subject of additional supervision and training, particularly the troubling history of Defendant Rowan.

62. Such supervision, training and/or discipline did not occur with the Defendant officers, and directly lead to Plaintiff's significant and permanent injuries.

63. Had Jersey City have followed and enforced their own policies it is highly likely that the Defendant officers would not have been a position to brutalize Plaintiff in the fashion that occurred.

64. Jersey City's Use of Force policy also requires that an officer be put on administrative duties until an internal investigation is complete when their use of force results in serious injury.

65. Jersey City has never adhered to this policy and has never put someone on administrative duties as required when serious injury has ensued due to an officer's use of force other than fatal shooting cases.

66. Indeed, the officers in this case caused Plaintiff and others serious injury and were never taken out of the line of duty and placed on administrative duties as required.

67. Jersey City's failure to adhere to their own policies regarding use of force creates a culture in which officers believe excessive force will be tolerated.

68. One need not look further than Internal Affairs statistics on excessive force cases for the 5-year period between 2012 and 2016 in which only one excessive force complaint was sustained out of one hundred and eighty-eight. This amounts to a sustain rate of 0.005% over the five-year period.

69. Jersey City failed to teach their officers that even if Plaintiff was a suspect of some crime, they are not permitted to assault that person and if they see other officers engaged in misconduct, they must intervene to prevent it.

70. Jersey City thus created a tacit policy and custom of permitting the Defendant officers' actions to continue with their imprimatur.

71. Indeed, upon information and belief, the Defendant officers were subject to several internal affairs investigations, but said complaints were never meaningfully investigated and the Defendant officers were not disciplined.

72. What is more, despite the obvious need for supervision of the Defendant officers and other officers who are known to commit crimes and violate the rights of others, no additional or meaningful supervision is provided to these individuals. This sends the message that there is a culture where officers can act with impunity and will never be held accountable.

73. In another recent case involving the JCPD an individual was beaten so badly by an officer that he required a 7-day hospital and emergency reconstructive facial surgery to place titanium mesh into his face.

74. In that case, it was clear that JCPD failed to supervise, monitor, and discipline their officers on a wholesale basis as it is required to do.

75. Jersey City and Jersey City Police Department and its Officers acted under color of law pursuant to an official policy or custom and practice of Jersey City and Jersey City Police Department whereby false arrest and the use of excessive for was permitted, tolerated, encouraged, and condoned, and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control and discipline on a continuing basis its employees, agents and/or servants and/or otherwise failed to prevent the individual Defendants from unlawfully and maliciously conducting, permitting or allowing excessive force upon Plaintiff in violation of the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and/or New Jersey.

76. In addition to the examples noted above, the public record is rife with officers run amok at the Jersey City Police Department with nearly twenty officers pleading guilty and/or being charged with crimes in recent years — including the former chief of police.

77. It is clear that Jersey City and Jersey City Police Department willfully fail to supervise their officers such that officers feel that they can violate the law and the rights of civilians with impunity. This deliberate indifference to the rights of citizens who are all but guaranteed to have their rights violated as a result is a policy and custom of Jersey City.

78. This causes a culture where, as here, officers, such as the Defendants, to feast on a sense of entitlement and impunity.

79. The lack of meaningful supervision or IA department has created a dangerous culture that encourages officers to violate the rights of civilians as they know that they will not be supervised or properly monitored or investigated.

80. Jersey City and Jersey City Police Department had knowledge of or had it diligently and reasonably exercised its duties to instruct, supervise, control and discipline its employees, agents and/or servants, would have had knowledge of the wrongful acts and/or omissions identified above and intentionally, knowingly or with deliberate indifference to Plaintiff's rights, failed or refused to prevent their commission and/or omission.

81. Jersey City and Jersey City Police Department, therefore, directly or indirectly, and under color of law, thereby approved or ratified the unlawful, malicious and wanton conduct of the individual Defendants.

82. Finally, Jersey City and Jersey City Police Department maintained a policy whereby they failed to investigate Internal Affairs complaints thereby creating a policy and custom whereby officers felt that they could violate the rights of citizens with impunity.

83. Jersey City was alerted of the incident described herein, but Plaintiff has not received any correspondence from internal affairs about the status of the investigation, if any.

84. Jersey City was first made aware of the incident based on media reports.

85. Jersey City was subsequently put on the notice of the incident after Peterson filed a timely notice of claim.

86. Despite this duplicate actual notice Jersey City failed to investigate the internal affairs complaint of the Plaintiff.

87. Indeed, as part of the investigation, Jersey City and Jersey City Police Department failed to interview witnesses or seek video and other evidence.

88. Jersey City has a pattern and practice of not conducting internal investigations into all required matters.

89. By way of example, Jersey City is required to launch internal investigations based on the filing of a lawsuit that alleges violations like excessive force among other infractions.

90. Jersey City is derelict in this duty and intentionally does not launch internal investigations regarding lawsuits filed against its officers as a way to down play and limit officers' exposure.

91. This is because Jersey City and the JCPD do not wish to meaningfully investigate IA complaints and associated matters and do not wish to hold officers accountable.

92. These facts are supported by Jersey City's own statistics which indicate that in 2014, 215, 2016 the Internal Affairs unit was undermanned and only investigated and closed no more than 20% of the excessive force complaints during that time.

93. Indeed, there are numerous cases in this District that have been filed regarding the unlawful pattern and practice of Jersey City and it has long been on notice via IA complaints and Lawsuits of the problems plaguing its police department as described herein.

94. This includes sham IA investigations, if any is done at all, that are aimed at insulating an offending officer rather than holding that officer accountable and preventing such conduct from occurring.

95. Furthermore, IA investigations are defective in that they usually take the word of the Officers, if they even bother to speak to the officer, over the complainant and use irrelevant information, such as a complainant's criminal history, in deciding whether an officer is guilty of misconduct.

96. Despite the clear evidence of the unlawful force used in this matter that has been widely circulated and Jersey City acknowledged it reviewed in its press releases, Jersey City refused to take any action despite the stunning unlawful use of force.

97. The Evidence clearly shows that the Defendant officers used excessive and unlawful force. Nonetheless, Jersey City refused to take any action, thereby reinforcing its policy that officers will not be held accountable, excessive force is tolerated, and in fact, encouraged.

98. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was disgraced, suffered physical and mental anguish and injury and monetary loss and damage all to his great detriment.

## FIFTH COUNT
Intentional and Negligent Infliction of Emotional Distress
New Jersey State and Common Law

99. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

100. Defendants inflicted an immense amount of pain and suffering upon Plaintiff through their outrageous conduct striking him repeatedly while he was being pepper sprayed by another officers.

101. As a result of Defendants' conduct, Plaintiff has had to consistently receive treatment for his injuries.

102. Defendants had no legal justification to engage in these actions.

103. Defendants' conduct shocks the conscience as it was unwarranted, unnecessary, excessive, and without any justification or provocation.

## SIXTH COUNT
Assault and Battery
New Jersey State and Common Law

104. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

105. Defendants committed and assault and battery upon Plaintiff by placing him in fear of being beat further with a baton and subject to further pepper spray.

106. The Defendants' actions caused Plaintiff to suffer severe injuries that persist to this day.

107. Defendants' actions also caused him to suffer mentally and emotionally for the brutal physical assault visited upon him at the hands of the Defendants.

## SEVENTH COUNT
### Negligence
### New Jersey State and Common Law

108. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

109. Defendants, as sworn members of law enforcement, had a duty to protect Plaintiff from the injury and Constitutional violations which he suffered.

110. Defendants breached their duty by negligently hitting Plaintiff with a baton and subjecting him to pepper spray, proximately causing him physical and emotional harm.

111. Defendants' actions, as more fully described herein, were per se negligent.

112. Defendants' breach of that duty is the proximate cause of Plaintiff's injury and damages.

113. Indeed, Defendants failed to use the proper care in handling Plaintiff, causing Plaintiff to suffer serious permeant physical and emotional injuries.

114. Defendants use of their weapons breached all standards for their use.

115. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was disgraced, suffered physical and mental anguish and injury and monetary loss and damage all to his great detriment.

## EIGHTH COUNT
### Respondent Superior
### (Where Permitted by Law)

116. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

117. Where applicable under the relevant case law and as to be determined, certain of the aforementioned acts and/or omissions of the employees of the City of Jersey City may result in liability under the doctrine of Respondent Superior.

118. Indeed, Defendants were acting within the scope of their authority as police officer and in furtherance of the benefits of their employer, Jersey City.

119. As a result, the City of Jersey City bears responsibility for the acts and/or omissions of its employees and agents where properly cognizable under the relevant laws and statutes.

### NINETH COUNT
Conspiracy
United States Constitution, 42 U.S.C. § 1983 & New Jersey Civil Rights Act New Jersey Constitution N.J.S.A. § 10:6-2 *et seq.,* New Jersy State and Common Law

120. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

121. Defendants worked in concert with each other to violated Plaintiff's rights and cover up their actions.

122. Defendants had an express and/or tacit agreement to violate the rights of Plaintiff, and then engage in a cover up by filing false charges against Plaintiff.

123. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was disgraced, suffered physical and mental anguish and injury and monetary loss and damage all to his great detriment.

### TENTH COUNT
Malicious Prosecution
42 U.S.C. § 1983 & New Jersey Civil Rights Act New Jersey Constitution N.J.S.A. § 10:6-2 *et seq.*

124. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

125. Defendants caused Plaintiff to be prosecuted without probable cause or any legal justification for doing so.

126. The charges against Plaintiff were false, baseless, and without merit.

127. The charges against Plaintiff were aimed at covering up the Defendants' unlawful conduct.

128. All charges against Plaintiff were dismissed.

129. The charges against Plaintiff were terminated in his favor.

## ELEVENTH COUNT
### Failure to Intervene
42 U.S.C. § 1983 & New Jersey Civil Rights Act New Jersey Constitution N.J.S.A. § 10:6-2 *et seq.*

130. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

131. Each of the Defendant Officer had an opportunity to intervene and stop the unlawful conduct visited upon Plaintiff and the violation of his right.

132. None of the Defendants intervened to interdict the unlawful use of force upon Plaintiff, the false arrest of him, the malicious prosecution, or any other violation of his right as described herein.

133. Rather than stop the violation of the Plaintiff's rights, the Defendants participated in same and acted to cover up the unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against the Defendants, jointly and severally, for:

(a) any and all damages sustained by the Plaintiff arising from the foregoing wrongful and unlawful acts of the Defendants;

(b) punitive damages against the Individual defendants only;

(c) interest, both pre-judgment and post-judgment;

(d) attorney's fees;

(e) costs;

(f) injunctive relief, including but not limited to:

    (i) An order from this Court enjoining the Jersey City Police Department from continuing its pattern and practice of violating citizens' civil rights;

    (ii) placement of the Jersey City Police Department in receivership for the purpose of instituting programs to train, instruct, discipline, control, and supervise the officers of the Jersey City Police Department;

(g) and all such other relief as this court may deem appropriate, equitable, and just.

## JURY DEMAND

Plaintiff demands a trial by jury in this action for all issues triable by a jury.

## DESIGNATION OF TRIAL COUNSEL

Joel Silberman, Esq. and Aymen A. Aboushi, Esq. are hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I certify that the matter in controversy is not the subject of any other action pending or contemplated. I further certify that I am aware of no other parties who should be joined in this matter.

Dated: January 23, 2022                                          Respectfully submitted,

By:   <u>s/ Joel Silberman, Esq.</u>                <u>s/Aymen A. Aboushi, Esq.</u>
      Joel Silberman, Esq.                    Aymen A. Aboushi, Esq.
      The Law Offices of Joel S. Silberman    The Aboushi Law Firm
      26 Journal Square, Suite 300           1441 Broadway, 5th Floor
      Jersey City, NJ 07306                  New York, NY 10018
      Tel. (201) 420-1913                    Tel. (212) 391-8500
      Fax. (201) 420-1914                   Fax. (212) 391-8508
      Email joel@joelsilbermanlaw.com        Email: Aymen@Aboushi.com